FILED

2025 Jul-10  AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **TOMMY D. DAVIS,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ]     **Case No.: 6:24-cv-1732-ACA** |
| | ] |
| **SOCIAL SECURITY** | ] |
| **ADMINISTRATION, et al.,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

*Pro se* Plaintiff Tommy D. Davis filed this lawsuit against Defendants the

Social Security Administration, the Commissioner of the Social Security

Administration, and several employees of the Jasper, Alabama office for the Social

Security Administration for their negligent administration of Mr. Davis's disability

benefits claims. (Doc. 1 at 4–5). Mr. Davis also filed motions to proceed *in forma*

*pauperis* (doc. 2), and for appointment of counsel (doc. 1-1),[1] but the court deferred

ruling on those motions due to the concern it lacked subject matter jurisdiction over

this case (doc. 3 at 1, 3). Despite having never been served, Defendants appeared

after receiving the complaint via email. (Doc. 5 at 1). They move to dismiss

Mr. Davis's claims against them on the grounds that the court lacks subject matter

---

[1] Mr. Davis attached to his complaint a completed "*Pro Se* Assistance Program" form for the
Middle District of Alabama (doc. 1-1), which the court liberally construed as a motion for
appointment of counsel. (Doc. 3 at 1) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

jurisdiction over the action under Federal Rule of Civil Procedure 12(b)(1) and Mr. Davis fails to state a claim under Rule 12(b)(6),[2] and they also move to stay discovery until the court rules on the motion to dismiss. (Docs. 7, 15). Mr. Davis, in turn, moves the court to allow his case to proceed and to grant Rule 60 relief. (Docs. 11, 16).

The court **WILL GRANT** Defendants' motion to dismiss. To the extent Mr. Davis's complaint asserts claims for money damages against the Social Security Administration and its employees in their official capacities, the court lacks subject matter jurisdiction over those claims. To the extent Mr. Davis's complaint asserts claims against Social Security Administration employees in their individual capacities, Mr. Davis fails to state a claim upon which relief may be granted. And to the extent Mr. Davis's subsequent filings and responses can be construed as motions to amend (docs. 4, 9), the court **WILL DENY** those motions as futile because Mr. Davis fails to state claims under 42 U.S.C. § 1983 and/or *Bivens*.

Accordingly, the court **WILL DISMISS** the action **WITHOUT PREJUDICE**. The court **WILL FIND AS MOOT** Defendants' motion to stay discovery (doc. 15), and Mr. Davis's motions to proceed *in forma pauperis*, for appointment of counsel, to proceed, and for Rule 60 relief (docs. 1-1, 2, 11, 16).

---

[2] Defendants also move to dismiss the action on the ground that the complaint is a shotgun pleading. (Doc. 7 at 12–14). Because the court resolves this case on the grounds that it lacks subject matter jurisdiction and the complaint fails to state a claim, the court need not reach this argument.

# I.    BACKGROUND

### a.    Facts

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Similarly, in considering a facial attack on the court's subject matter jurisdiction under Rule 12(b)(1) (*see* doc. 7 at 7–9) (not inviting the court to consider extrinsic evidence in its jurisdictional attack, which would make the attack a "factual" one), the court considers whether "the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotation marks omitted; alteration accepted). Thus, the facts as alleged in Mr. Davis's complaint govern this court's resolution of both challenges.

When Medicare informed Mr. Davis that his medical insurance would end in late September 2024, Mr. Davis notified the local Social Security Administration Office. (Doc. 1 at 5). But the Social Security Administration and its employees did not take prompt action to process his paperwork, which left Mr. Davis without Medicare and his medications for a period of time and forced him to postpone a surgery. (*Id.* at 4–5; *see also* doc. 1-2). Mr. Davis requests $5 million in damages for

the emotional and physical harm caused by the Social Security Administration's failure to timely process his paperwork, and he requests that the court "remove the trespass that was put against [him] due to harm to any certain employee [and] or facility." (Doc. 1 at 4, 5; *see also* doc. 1-2).

    b.    Procedural History

Because Mr. Davis sued the Social Security Administration and its employees for money damages without identifying the federal government's clear waiver of sovereign immunity (*see generally* doc. 1), the court was uncertain of its jurisdiction over this case. (*See* doc. 3 at 2–3) (citing *Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015)). Accordingly, the court ordered Mr. Davis to show cause why the court should not dismiss for lack of subject matter jurisdiction and deferred ruling on the motions to proceed *in forma pauperis* and for appointment of counsel. (*Id.* at 3); *see In re Trusted Net Media Holding*s, LLC, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc) (Federal "courts have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party raises the issue, and if the court determines that subject matter jurisdiction is lacking, it must dismiss the entire case.") (quotation marks omitted).

Mr. Davis's response to the order to show cause was not responsive to the court's order. (*See generally* doc. 4; *see also* doc. 8 at 2). The Social Security Administration then appeared and moved to dismiss the action on behalf of all

defendants for lack of subject matter jurisdiction and for failure to state a claim, among other reasons. (Docs. 5, 7). The court ordered Mr. Davis to show cause a second time why the court should not dismiss for lack of subject matter jurisdiction because his first response was nonresponsive, and the court offered Mr. Davis an opportunity to respond to Defendants' motion. (Doc. 8). Mr. Davis responded by identifying his causes of action as "the Medicare and Medicaid Act of 1965 and Titles 18 [and] 19 of the Social Security Act. But [he was] asking this court to hear this case regarding . . . 42 U.S.C. Section 1983." (Doc. 9 at 2).

Defendants replied to Mr. Davis's response, arguing that § 1983 was inapplicable to the Social Security Administration and its employees because it only applied to defendants acting under color of state law, among other reasons. (Doc. 10 at 2). Mr. Davis has since filed five additional documents in attempt to cure the defects in his claims, one of which includes a motion for his case to proceed and a motion for Rule 60 relief. (Docs. 11–14, 16). Because the court has already given Mr. Davis ample opportunity to respond to the court's concerns and Defendants' motion to dismiss, the court will not consider these five additional filings.

## II.    DISCUSSION

Below, the court will address the jurisdictional problems with Mr. Davis's claims, followed by his failures to state a claim upon which relief may be granted. And because Mr. Davis is proceeding *pro se*, the court liberally construes his complaint as

asserting claims against all individual defendants in their official and individual capacities (doc. 1), and construes his responses to the court and to Defendants' motion to dismiss as motions for leave to amend his complaint (doc. 4, 9). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (quotation marks omitted).

### a.    Subject Matter Jurisdiction

Defendants contend that because Mr. Davis seeks money damages from the federal government and its employees without identifying the government's clear waiver of sovereign immunity, the court lacks subject matter jurisdiction over his claims. (Doc. 7 at 9). The court agrees, to the extent Mr. Davis's claims can be construed to be asserted against the federal government and its employees in their official capacities.

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). And absent clear waiver of the federal government's sovereign immunity, federal courts lack jurisdiction to hear claims for damages against the United States, its agencies, or employees in their official capacities. *Id.* at 1322; *see Davila v. Gladden*, 777 F.3d 1198, 1209 (11th Cir. 2015) ("In order to authorize official-capacity suits, Congress must clearly waive the federal government's sovereign immunity.").

Mr. Davis's filings identify the Medicaid and Medicare Act of 1965, Titles 18

and 19 of the Social Security Act, and 42 U.S.C. § 1983 as giving rise to his claims. (*See* doc. 1 at 3; doc. 1-2; doc. 4; doc. 9 at 2). As the court previously found, no provision within 42 U.S.C. §§ 301–1397mm gives private individuals a right to pursue money damages against the Social Security Administration and its employees. (Doc. 3 at 2). In fact, the Social Security Act contemplates and bars such an action. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Thus, no provision within those statutes constitutes the federal government's clear waiver of its sovereign immunity.

Even if the court construes Mr. Davis's response asserting § 1983 claims (*see* doc. 9 at 2), § 1983 cannot represent the federal government's clear waiver of sovereign immunity because it applies only to those officials acting under color of *state* law, not federal law. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) ("[W]ith the exception of the Territories, actions of the [f]ederal [g]overnment and its officers are at least facially exempt from [§ 1983]."). Finally, even if the court construes Mr. Davis's response as asserting claims arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the individual defendants (*see* doc. 9 at 1) (describing Defendants' "negligence" in handling Mr. Davis's claims), the court would not have jurisdiction over those claims.

7

*Bivens* claims, when they exist, must be asserted against federal officers in their individual, not official, capacities. *See Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 144 (11th Cir. 2010).[3]

Mr. Davis fails to identify a "specific waiver of sovereign immunity as to [official capacity claims] filed against the [g]overnment, [and] the court lacks subject matter jurisdiction over the suit." *Zelaya*, 782 F.3d at 1322. Accordingly, the court **WILL GRANT** Defendants' motion to dismiss Mr. Davis's claims for money damages against the Social Security Administration and its employees in their official capacities, and **WILL DISMISS** those claims **WITHOUT PREJUDICE**.

    b.    <u>Failure to State a Claim</u>

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations, but a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678.

Defendants argue that the court should dismiss this action because Mr. Davis

_____

[3] Although *Horne* is an unpublished opinion, the court finds it persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022).

fails to allege facts establishing that Defendants violated any provision within the Medicaid and Medicare Act of 1965 and Titles 18 and 19 of the Social Security Act. (Doc. 7 at 9–10). The court agrees and finds that Mr. Davis's complaint fails to identify causes of action within the statutes he cites that give rise to claims for the relief he seeks, even if the court construes his claims as asserted against the individual defendants in their individual capacities. (*See generally* docs. 1, 1-2, 4, 9). Moreover, Mr. Davis writes that his social security disability and Medicare payments have been reinstated (doc. 12), and he does not oppose any final decisions of the Commissioner (*see generally* docs. 1, 1-2, 4, 9), so it is clear that Mr. Davis does not invoke 42 U.S.C. § 405(g), the exclusive jurisdictional basis for judicial review of final decisions on benefits claims, as the basis for his claims.

Even if the court construes Mr. Davis's response as asserting § 1983 claims (*see* doc. 9 at 2), that statute cannot provide Mr. Davis with a cause of action for the relief he seeks because, as discussed above, that statute applies only to those officials acting under color of *state* law, not federal law. *See Carter*, 409 U.S. at 424–25. And even if the court construes Mr. Davis's response as asserting *Bivens* claims against the individual defendants (*see* doc. 9 at 1), Mr.  Davis's *Bivens* claims fail because he does not identify any constitutional violations resulting from Defendants' conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (To state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."); (*see generally* docs. 1, 1-2, 4, 9).

Accordingly, the court **WILL GRANT** Defendants' motion to dismiss Mr. Davis's claims against the individual defendants in their individual capacities for Mr. Davis's failure to state a claim, and **WILL DISMISS** those claims **WITHOUT PREJUDICE**. To the extent Mr. Davis's responses can be construed as motions for leave to amend to assert § 1983 or *Bivens* claims, the court **DENIES** those motions as futile. And although Mr. Davis invokes Rule 60 in his most recent filing, he does not seek relief from a judgment entered or order issued by the court; rather, he attempts to correct mistakes he believes he made in his previous motions. (*See generally* doc. 16). Thus, because Mr. Davis does not object to a judgment or order, the court **WILL FIND AS MOOT** his motion for Rule 60 relief. (*Id.*).

## III. CONCLUSION

The court **WILL GRANT** Defendants' motion to dismiss (doc. 7), and **WILL DISMISS** the action **WITHOUT PREJUDICE**. To the extent Mr. Davis's responses to the court's order to show cause and Defendants' motion to amend can be construed as motions for leave to amend, the court **WILL DENY** those motions as futile. (Docs. 4, 9). The court **WILL FIND AS MOOT** Defendants' motion to stay discovery (doc. 15), and Mr. Davis's motions to proceed *in forma pauperis*, for appointment of counsel, to proceed, and for Rule 60 relief (docs. 1-1, 2, 11, 16).

**DONE** and **ORDERED** this July 10, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE